1 | FERMIN H. LLAGUNO, Bar No. 185222
(fllaguno@littler.com)
2 | JAMES E. HART, Bar No. 194168
(jhart@littler.com)
3 | MARIA R. HARRINGTON, Bar No. 201901
(mharrington@littler.com)
4 | LITTLER MENDELSON
A Professional Corporation
5 | 2050 Main Street
Suite 900
6 | Irvine, CA 92614
Telephone: 949.705.3000
7 | Facsimile: 949.724.1201

8 | Attorneys for Defendant
GENERAL NUTRITION CENTERS, INC.
9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | ROBINO ABAD,                              )   **SACV09-190 JVS (RNBx)**
13 | FRANCES ABRAMS,                           )   CASE NO.:
ASHLEY ABRAMSON,                          )
14 | LESTER ACEVEDO,                          )   **NOTICE TO FEDERAL COURT**
15 | JORGE ALMANZAR,                          )   **OF REMOVAL OF CIVIL ACTION**
MARIA ALVAREZ,                           )   **FROM STATE COURT**
16 | GOLNAZ AMIRNASRI,                        )   **PURSUANT TO 28 U.S.C.**
17 | ISAAC BAILEY,                            )   **SECTIONS 1332, 1441 AND 1446**
AMELIE BERNARD,                          )
18 | JONATHAN BLAIR,                          )   **[CLASS ACTION FAIRNESS ACT]**
19 | ROSA CHILE,                              )
ANITA COEN,                              )
20 | CAMERON COLE,                            )
21 | ALEJANDRINA CORTEZ,                      )
JOE CRUZ,                                )
22 | MARIA CRISTINA CUASON,                   )
23 | ALBA DE LACOSTA,                         )
JERILYN DORTCH,                          )
24 | DAVID DUPRE,                             )
25 | VICENTE ENRIQUEZ,                        )
MA VICTORIA ESPIRITU,                    )
26 | BRIAN FOX,                               )
27 | REID FRANCE,                             )
VANESSA FRANCO,                          )
28 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

FILED
2009 FEB 17  PM 1: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:_____

| | |
|---|---|
| 1 | NICHOLE FRIEND, )
| 2 | FAYE GAGER, )
| | JESUSA GALANG, )
| 3 | ABELARDO GARCIA, )
| 4 | ERNIEBOY GARCIA, )
| | FREDERICK GUINTU, )
| 5 | JOSEPH GUTIERREZ, )
| 6 | JEREMY HAYWOOD, )
| | AMY HENRICH, )
| 7 | JOHN HOLT, )
| 8 | GINI HURMIZ, )
| | DORIS HURTADO, )
| 9 | TERESITA IBE, )
| 10 | REMEDIOS JIMENEZ, )
| | DANIELLE KEESLING, )
| 11 | EIDO LAHIJI, )
| 12 | RICHARD A. LAMB, )
| | WALTER LANEY, )
| 13 | ERIK LAVIN, )
| 14 | THERESA LEOS, )
| | STACY LINDQUIST, )
| 15 | DIANE LOPEZ, )
| 16 | JOSHUA LOPEZ, )
| | CHARLES LOWE, )
| 17 | JESICA LUCIO, )
| 18 | JEFF MACILRAITH, )
| | LEJANI MACILRAITH, )
| 19 | BRANDON MACNEIL, )
| 20 | HELEN MAMERTO, )
| | LIGAYA MANALO, )
| 21 | NECIA MILLER, )
| 22 | FRANS MOERBEEK, )
| | BREANNE MURPHY, )
| 23 | DANIEL MULLIGAN, )
| 24 | ROSEMARIE NAVARRO, )
| | RAYMOND NEWHAM, )
| 25 | SANDI OGLESBY, )
| 26 | LUZVIMINDA OGO, )
| | DELIA PARAGAS, )
| 27 | ZHENYAN PASCUAL, )
| 28 | JORDAN PHILIP, )

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

SHALVEEN PRASAD,                      )
ROBERT PRESSEY,                       )
DANIEL RICE,                          )
MELISSA RICHARDS,                     )
COLE ROSEN,                           )
HENRY RUMPH,                          )
ASGHAR SADRIEH,                       )
ADISA SALKIO,                         )
CHRISTI SCHENK,                       )
SHOSHANA SERNA,                       )
ADRIAN SERRATO,                       )
DANIEL SOLI,                          )
NATHANIEL SPITZE,                     )
MARTHA SPORCK,                        )
TREVOR STARK,                         )
KANDICE STEELE,                       )
TIFFANY STOKES,                       )
SHANE VROMAN,                         )
SHO-WENG WANG,                        )
MELISSA WIGGINTON,                    )
JULIANNE WILLIAMS,                    )
JOSHUA WOLF,                          )
BRANDI WOOLDRIDGE,                    )
ANGELITA YANESA, AND                  )
TREVOR ZINNER,                        )
                                      )
        Plaintiffs,                   )
                                      )
        vs.                           )
                                      )
GENERAL NUTRITION                     )
CENTERS, INC. and                     )
DOES 1 THROUGH 100,                   )
                                      )
        Defendants.                   )

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine CA 92614
949.705.3000

3.

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND
2  THEIR ATTORNEYS OF RECORD:
3       PLEASE TAKE NOTICE that Defendant General Nutrition Centers, Inc.
4  ("GNC") hereby removes the above-entitled action, *Robino Abad, et al. v. General*
5  *Nutrition Centers, et al.*, Case No. 30-2008-00219595, from the Superior Court of the
6  State of California, County of Orange, to the United States District Court for the
7  Central District of California.
8       This notice is based on 28 U.S.C. Sections 1332, subdivisions (a) and (d), 1441
9  and 1446.
10       GNC makes the following allegations in support of its Notice of Removal:
11           **I.**    **JURISDICTION [LOCAL RULE 8-1]**
12      1.    With limited exceptions not relevant here, any civil action brought in a
13  State court of which the district courts of the United States have original jurisdiction,
14  may be removed by the defendant to the district court of the United States for the
15  district and division embracing the place where such action is pending.  28 U.S.C.
16  § 1441(a).  The district court has original jurisdiction over this civil action for the
17  following reasons.
18  **A.**    **Jurisdiction Under 28 U.S.C. § 1332(a)**
19      2.    The district courts shall have original jurisdiction of all civil actions
20  where the matter in controversy exceeds the sum or value of $75,000, exclusive of
21  interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).
22  This civil action satisfies both requirements.
23      **(1)**    **Citizens of Different States**
24      3.    This civil action is between citizens of different states.
25      4.    Plaintiffs are citizens of California or states contiguous to California.
26  (Declaration of Lona Toffolo ["Toffolo Decl."], attached hereto as Exhibit M, ¶ 5;
27  First Amended Complaint ["First Am. Compl."], attached hereto as Exhibit B, ¶ 1.)
28

.ITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1.

1    5.    For diversity jurisdiction purposes, a corporation is deemed a citizen of
2    its state of incorporation and the state where it has its principal place of business.
3    28 U.S.C. § 1332(c)(1).  GNC was, at the time of the filing of the state court action,
4    and remains, incorporated in the State of Delaware.  (Toffolo Decl. ¶ 2.)  GNC's
5    principal place of business is in the Commonwealth of Pennsylvania.  (Toffolo Decl.
6    ¶ 3; First Am. Compl. ¶ 2.)  GNC is therefore a citizen of the State of Delaware and
7    Commonwealth of Pennsylvania for the purpose of determining diversity of
8    citizenship.

9    6.    For purposes of removal, the citizenship of defendants sued under
10   fictitious names shall be disregarded.  28 U.S.C. § 1441(a); Newcombe v. Adolf
11   Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).  Thus, the citizenship of fictitious
12   defendants "Does 1 through 100" shall be disregarded.

13   7.    GNC is not a citizen of California.  *See* 28 U.S.C. § 1441(b) (civil actions
14   not arising under the laws of the United States shall be removable only if defendants
15   are not citizens of the State in which the action is brought).

16   **(2)    Amount in Controversy**

17   8.    The matter in controversy exceeds the sum or value of $75,000, exclusive
18   of interest and costs.

19   9.    The First Amended Complaint is silent as to the total amount of monetary
20   relief sought by each Plaintiff.  The failure of the First Amended Complaint to specify
21   the total amount of monetary relief sought by each Plaintiff does not deprive this
22   Court of jurisdiction.  See White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 26
23   (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the
24   failure of plaintiff to plead a specific dollar amount in controversy; if the rules were
25   otherwise, "any Plaintiff could avoid removal simply by declining ... to place a
26   specific dollar claim upon its claim").  GNC need only establish by a preponderance
27   of evidence that Plaintiffs' claims exceed the jurisdictional minimum.  Sanchez v.

28

ITTLER MENDELSON
, PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

2.

1   Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm

2   Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

3        10.   In Count I of the First Amended Complaint, Plaintiffs allege that GNC

4   intentionally and improperly failed to pay them the required overtime compensation.

5   Plaintiffs request recovery of overtime compensation and unpaid wages, interest,

6   attorney's fees and costs, as well as penalties. (First Am. Compl. ¶¶ 5-14.)

7        11.   In Count II of the First Amended Complaint, Plaintiffs allege that GNC

8   failed to provide meal periods as required by law. Plaintiffs request recovery of meal

9   period compensation, statutory penalties, attorney's fees and costs. (First Am. Compl.

10   ¶¶ 15-23.)

11        12.   In Count III of the First Amended Complaint, Plaintiffs allege that GNC

12   failed to provide rest periods as required by law. Plaintiffs request recovery of rest

13   period compensation, statutory penalties, attorney's fees and costs. (First Am. Compl.

14   ¶¶ 24-32.)

15        13.   In Count IV of the First Amended Complaint, Plaintiffs allege that GNC

16   failed to pay all wages within the time period required by law. Plaintiffs request

17   recovery of 30 days of wages. (First Am. Compl. ¶¶ 33-37.)

18        14.   In Count V of the First Amended Complaint, Plaintiffs allege that GNC

19   failed to furnish itemized statements in accordance with California law. Plaintiffs

20   request recovery of penalties, attorney's fees and costs. (First Am. Compl. ¶¶ 38-41.)

21        15.   In Count VI of the First Amended Complaint, Plaintiffs allege that GNC

22   engaged in unfair competition. Plaintiffs request restitution. (First Am. Compl. ¶¶

23   42-48.)

24        16.   In Count VII of the First Amended Complaint, Plaintiffs seek all civil

25   penalties available under the Labor Code pursuant to the Private Attorney General Act

26   ("PAGA"). (First Am. Compl. ¶¶ 49-61.)

27        17.   The First Amended Complaint seeks an award of attorneys' fees, both

28   under the Labor Code and pursuant to the "common fund" and "substantial benefit"

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949 705 3000

3.

1  doctrines.  In determining whether a complaint meets the amount in controversy
2  requirement, the Court should consider attorney's fees.  <u>Bell v. Preferred Life Assur.</u>
3  <u>Soc. of Montgomery, Ala.</u>, 320 U.S. 238 (1943); <u>Galt G/S v. JSS Scandinavia</u>, 142
4  F.3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of
5  attorneys' fees ... such fees may be included in the amount in controversy"); <u>Goldberg</u>
6  <u>v. CPC Intern., Inc.</u>, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be
7  taken into account to determine jurisdictional amounts).

8      18.    While GNC vehemently denies each one of Plaintiffs' claims, it is readily
9  apparent that the controversies alleged by each Plaintiff (including claims for overtime
10  compensation, unpaid wages, meal period compensation, rest period compensation, 30
11  days of wages, interest, penalties, attorney's fees, restitution, and PAGA penalties,
12  plus "other and further relief as the court may deem proper") exceed the sum or value
13  of $75,000, exclusive of interest and costs.

14      19.    Indeed, in *Casarez v. General Nutrition Centers, Inc.*, SACV07-875 JVS
15  (AGRx) – plaintiff Tyler Goodell (who is represented by the same attorneys who
16  represent Plaintiffs in this action) alleged that his individual claims (to the extent they
17  parallel the claims asserted by Plaintiffs in this action) are worth in excess of $75,000,
18  *plus* attorney's fees.  (Declaration of Robert Pritchard ["Pritchard Decl."], attached
19  hereto as Exhibit N ¶ 3.)  In this action, Plaintiffs allege that their claims arise from
20  the same or substantially identical transactions, incidents or events at issue in *Casarez*,
21  and require the determination of the same or substantially identical questions of law or
22  fact.  (Plaintiffs' Notice of Related Case, attached hereto as Exhibit G.)

23  **B.    Jurisdiction Under 28 U.S.C. § 1332(d) – Class Action**

24      20.    The district courts shall have original jurisdiction of any civil action in
25  which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of
26  interest and costs, and is a class action in which any member of a class of plaintiffs is
27  a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).  This
28  civil action satisfies these requirements.

ITTLER MENDELSON
. Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

4.

**(1)   Class Action**

21.    In Count VII of the First Amended Complaint, Plaintiffs seek all civil penalties available under the Labor Code pursuant to PAGA "collectively on behalf of all other current or former employees" of GNC. (First Am. Compl. ¶ 50.)  Plaintiffs bring this cause of action "in their individual capacity and on behalf of all aggrieved employees" who were employed by GNC in California between October 31, 2007 and the date of trial. (Id. ¶¶ 53-56.)  In their Prayer for Relief, Plaintiffs seek civil penalties "on behalf of plaintiffs and all aggrieved employees" and request an award of attorney's fees "pursuant to the 'common fund' doctrine, and pursuant to the 'substantial benefit' doctrine."  GNC estimates that more than 2,000 individuals were employed by GNC in California between October 31, 2007 and the date of this filing. (Toffolo Decl. ¶ 6.)

22.    Although Plaintiffs do not label their PAGA claim as a "class action," the "collective" and representative nature of the claim satisfies the definition of "class action" contained in 28 U.S.C. section 1332(d)(1)(B): "[C]lass Action means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

23.    Section 1332(d) includes all forms of representative actions, regardless of whether it is brought by plaintiffs as a traditional "class action" under Rule 23 of the Federal Rules: "[T]he overall intent of [Section 1332(d)] is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.  In that regard, ... the definition of 'class action' is to be interpreted liberally.  Its application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority.  Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purposes of applying these provisions." S. Rep. No. 109-14, at 35 (2005) (emphasis added).

ITTLER MENDELSON
. PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

5.

1    24.    Plaintiffs' PAGA claim, although not specifically pled by Plaintiffs as a

2    "class action," clearly resembles a class action for the purpose of Section 1332(d).

3    Plaintiffs purport to represent the interests of a class of more than 2,000 "aggrieved

4    employees" with respect to the adjudication of their rights under various provisions of

5    the California Labor Code.  Plaintiffs seek to proceed "collectively on behalf of all

6    other current or former employees" of GNC; they bring their PAGA claim "on behalf

7    of all aggrieved employees" who were employed by GNC in California between

8    October 31, 2007 and the date of trial.  (First Am. Compl. ¶¶ 50, 53-56.)  They seek

9    civil penalties "on behalf of ... all aggrieved employees" and request an award of

10   attorney's fees "pursuant to the 'common fund' doctrine, and pursuant to the

11   'substantial benefit' doctrine."  (Id. at p. 15, ¶ 5 [Prayer For Relief].)

12   25.    Indeed, in the caption of their Status Conference Statement filed with the

13   Superior Court, Plaintiffs specifically designated this action as a "**CLASS ACTION**."

14   (See Exhibit K at 1.)  In their Statement, Plaintiffs confirm that they "seek recovery of

15   civil penalties on behalf of all GNC employees under the Labor Code Private Attorney

16   General Act (PAGA)."  (Id. at 2, emphasis added).

17   **(2)    Amount in Controversy**

18   26.    The aggregate value of the monetary relief sought by Plaintiffs on behalf

19   of themselves and all other "aggrieved employees" exceeds $5 million, exclusive of

20   interest and costs.

21   27.    In *Casarez*, plaintiff Tyler Goodell (who is represented by the same

22   attorneys who represent Plaintiffs in this action) alleged that his individual claims (to

23   the extent they parallel the claims asserted by Plaintiffs in this action) are worth in

24   excess of $500 per week of employment, *plus* attorney's fees.  (Pritchard Decl. ¶ 3.)

25   In this action, GNC estimates that the named Plaintiffs were employed by GNC for a

26   cumulative total of workweeks exceeding 10,000 during the relevant time.  (Toffolo

27   Decl. ¶ 6.)  Plaintiffs allege that their claims arise from the same or substantially

28   identical transactions, incidents or events at issue in *Casarez*, and require the

ITTLER MENDELSON
PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine  CA  92614
949 705 3000

6.

1    determination of the same or substantially identical questions of law or fact.

2    (Plaintiffs' Notice of Related Case, attached hereto as Exhibit G.)  Accordingly, it is

3    readily apparent that Plaintiffs allege controversies in this action exceeding the sum or

4    value of $5 million, exclusive of interest and costs.

5          28.    In addition, Plaintiffs allege that they and the putative "aggrieved

6    employees" are entitled to various penalties pursuant to the California Labor Code.

7    (First Am. Compl. ¶¶ 49-61.)  Specifically, Plaintiffs allege that they and the putative

8    "aggrieved employees" are entitled to (1) penalties under California Labor Code

9    Section 2699 in the amount of $100 for each aggrieved employee per pay period for

10   the initial violation and $200 for each aggrieved employee per pay period for each

11   subsequent violation; (2) penalties under California Code of Regulations Section

12   11070 in the amount of $50 for each aggrieved employee per pay period for the initial

13   violation and $100 for each aggrieved employee per pay period for each subsequent

14   violation; (3) penalties under California Labor Code Section 210 in the amount of

15   $100 for each aggrieved employee per pay period for the initial violation and $200 for

16   each aggrieved employee per pay period for each subsequent violation, plus 25% of

17   the wages wrongfully withheld; and (4) penalties under California Labor Code Section

18   226 in the amount of $250 for each aggrieved employee per pay period for the initial

19   violation and $1,000 for each aggrieved employee per pay period for each subsequent

20   violation.  While GNC vehemently denies that Plaintiffs may recover any of the

21   foregoing penalties on behalf of themselves or anyone else, it is readily apparent that

22   the controversy alleged with respect to Plaintiffs' PAGA claim, brought on behalf of

23   "all GNC employees" (more than 2,000 in number, who were employed for more than

24   30,000 pay periods during the relevant time) exceeds the sum or value of $5 million,

25   exclusive of interest and costs.

26         29.    While GNC vigorously denies the validity and merit of all of Plaintiffs'

27   claims, the legal theories upon which they are purportedly based, and the claims for

28   monetary and other relief that flow from them, assuming them to be accurate for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine CA 92614
949 705 3000

7.

1   purposes of this removal only, it is readily apparent based on the allegations in the

2   First Amended Complaint that the amount in controversy in this action exceeds the

3   jurisdictional minimum.

4   **(3)   Diversity**

5   30.   Plaintiffs and the class of "aggrieved employees" they seek to represent

6   are citizens of States different from GNC.  Plaintiffs are citizens of California or states

7   contiguous to California.  (Toffolo Decl. ¶ 5.)  GNC is a citizen of Delaware and

8   Pennsylvania.  (Id. ¶¶ 2-3.)

9   **C.   Jurisdiction Under 28 U.S.C. § 1332(d) – Mass Action**

10  31.   A "mass action" shall be deemed to be a "class action" removable under

11  28 U.S.C. § 1332(d)(2)-(10) if it otherwise meets the provisions of those paragraphs.

12  A "mass action" means a civil action in which the monetary relief claims of 100 or

13  more persons are proposed to be tried jointly on the ground that the plaintiffs' claims

14  involve common questions of law or fact. 28 U.S.C. § 1332(d)(11).  This civil action

15  satisfies these requirements.

16  32.   The caption of the First Amended Complaint identifies ninety (90) named

17  Plaintiffs.  However, Plaintiffs also seek civil penalties pursuant to PAGA

18  "collectively on behalf of all other current or former employees" of GNC.  (First Am.

19  Compl. ¶ 50.)  GNC estimates that more than 2,000 individuals were employed by

20  GNC in California during the relevant period.  (Toffolo Decl. ¶ 6.)  These individuals,

21  together with the named Plaintiffs, are the real parties in interest.  Thus, Plaintiffs

22  propose to try the monetary relief claims of 100 or more persons jointly in this action

23  on the ground that the claims involve common questions of law or fact.  See, e.g.,

24  Louisiana v. Allstate Ins. Co., 536 F.3d 418, 430 (5th Cir. 2008) (where State brought

25  action against insurers and others for the benefit of individual policyholders,

26  policyholders were real parties in interest and counted toward satisfaction of 100-

27  person requirement set forth in CAFA's "mass action" provision).

28

.ITTLER MENDELSON
\ Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

8.

1    33.   This "mass action" satisfies the other requirements of 28 U.S.C.

2   § 1332(d)(2)-(10), and it is not subject to the exceptions set forth in 28 U.S.C.

3   § 1332(d)(11)(B)(ii).  Thus, this action is removable pursuant to 28 U.S.C.

4   § 1332(d)(11)(A).

5   **D.   Supplemental Jurisdiction Under 28 U.S.C. § 1367**

6    34.   Subject to limited exceptions not relevant here, in any civil action of

7   which the district courts have original jurisdiction, the district courts shall have

8   supplemental jurisdiction over all other claims that are so related to claims in the

9   action within such original jurisdiction that they form part of the same case or

10   controversy under Article III of the United States Constitution.  Such supplemental

11   jurisdiction shall include claims that involve the joinder of additional parties.  28

12   U.S.C. § 1367.  Therefore, to the extent that an individual named Plaintiff may assert

13   that this Court may not exercise original jurisdiction over his or her individual claim

14   (*i.e.*, by claiming that the matter in controversy with respect to his or her individual

15   claim does not exceed the jurisdictional amount required pursuant to 28 U.S.C.

16   §§ 1332(a)(1) and/or 1332(d)(11)(B)(i); such an argument would not be relevant to the

17   exercise of this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)), then

18   this Court should exercise supplemental jurisdiction over that Plaintiff's claims

19   pursuant to 28 U.S.C. section 1367.

20   **II.   VENUE**

21    35.   This action is properly removed to the United States District Court for the

22   Central District of California, Southern Division.  The action was filed in the Superior

23   Court of the State of California, County of Orange.  28 U.S.C. § 1441(a) (action may

24   be removed to the district court and division embracing the place where action was

25   pending).

26    36.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and

27   1446.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

9.

## III.   **PLEADINGS, PROCESS AND ORDERS**

37.   Plaintiffs commenced this action on or about November 4, 2008, by filing a Complaint in the Superior Court for the County of Orange styled <u>Robino Abad, et al., v. General Nutrition Centers, Inc., et al.</u>, bearing Case No. 30-2008-00219595.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

38.   Plaintiffs filed a First Amended Complaint on or about December 26, 2008.  A true and correct copy of the First Amended Complaint is attached hereto as Exhibit B.

39.   Plaintiffs' counsel delivered a copy of the First Amended Complaint to GNC's counsel in the *Casarez* action via electronic mail on or about January 6, 2009, along with other documents:  a Notice and Acknowledgement of Receipt – Civil (a true and correct copy is attached hereto as Exhibit C); a Minute Order dated December 4, 2008 (a true and correct copy is attached hereto as Exhibit D); a Summons (a true and correct copy is attached hereto as Exhibit E); a Civil Case Cover Sheet (a true and correct copy is attached hereto as Exhibit F); a Notice of Related Case (a true and correct copy is attached hereto as Exhibit G); Civil Complex Center Instructions (a true and correct copy is attached hereto as Exhibit H); Complex Civil Department Guidelines (a true and correct copy is attached hereto as Exhibit I); and an Alternative Dispute Resolution Information Package (a true and correct copy is attached hereto as Exhibit J).

40.   Plaintiffs filed a Status Conference Statement on or about February 5, 2009.  A true and correct copy of Plaintiffs' Status Conference Statement is attached hereto as Exhibit K.

41.   GNC filed its Answer to the First Amended Complaint on or about February 11, 2009.  Attached hereto at Exhibit L is a true and correct copy of the Answer.

ITTLER MENDELSON
· PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

10.

42.     Pursuant to 28 U.S.C. Section 1446(d), the foregoing documents constitute all process, pleadings and orders served upon GNC or filed or received in this action by GNC.

## IV.   TIMELINESS OF REMOVAL

43.     Plaintiffs' counsel delivered a copy of the Summons and Complaint to Defendant along with a Notice and Acknowledgment of Receipt – Civil on January 6, 2009 via electronic mail.  Pursuant to California Code of Civil Procedure Section 415.30(c), service of a summons and complaint by mail with a Notice and Acknowledgment of Receipt is deemed complete on the date a written acknowledgment of receipt of summons is executed.  Defendant executed the Notice and Acknowledgment of Receipt on January 23, 2009.  (Pritchard Decl. ¶ 4.) Therefore, service of the Summons and Complaint was effective on January 23, 2009.

44.     Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is therefore timely as it is filed within thirty (30) days after GNC was effectively served with the Summons and Complaint and within one year after commencement of this action.

## V.   NOTICE TO STATE COURT AND PLAINTIFFS

45.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' attorneys of record, Jeffrey Spencer, Esq. and Jeffrey Wilens, Esq.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California for the County of Orange.

///
///
///
///
///

ITTLER MENDELSON
PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

11.

1    WHEREFORE, having provided notice as is required by law, the above-entitled

2  action should hereby be removed from the Superior Court of the State of California

3  for the County of Orange to this Court.

4

5  Dated:   February ⏌⏌, 2009

6

7

8                                              FERMIN H. LLAGUNO
                                               JAMES E. HART
9                                              MARIA R. HARRINGTON
                                               LITTLER MENDELSON
10                                             A Professional Corporation
                                               Attorneys for Defendant
11                                             GENERAL NUTRITION CENTERS,
                                               INC.
12

13  Firmwide:88318210.2 052860.1003

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine  CA  92614
949 705 3000

# EXHIBIT A
## Complaint

;320.00/pd
;550.00/pd

**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**17476 Yorba Linda Blvd., Suite 221**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**LAW OFFICE OF JEFFREY P. SPENCER**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**635 Camino De Los Mares, Suite 312**
**San Clemente, CA 92673**
**949-240-8595**
**949-240-8515 (fax)**
**jps@spencerlaw.net**

Attorneys for Plaintiff

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Nov  04 2008**

ALAN CARLSON, Clerk of the Court
by R. Vavra

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

**ORANGE COUNTY SUPERIOR COURT, CIVIL COMPLEX CENTER**

**STATE OF CALIFORNIA**

**751 West Santa Ana Blvd., Santa Ana, CA 92701**

| | |
|---|---|
| ROBINO ABAD, | ) Case No.     30-2008-00219595 |
| FRANCES ABRAMS, | ) |
| ASHLEY ABRAMSON, | ) **JUDGE THIERRY PATRICK COLAW** |
| LESTER ACEVEDO, | ) **DEPT. CX104** |
| JORGE ALMANZAR, | ) **COMPLAINT** |
| MARIA ALVAREZ, | ) 1. Failure to Pay Wages in violation of |
| GOLNAZ AMIRNASRI, | ) Labor Code §§ 1194, 1198, 510 |
| ISAAC BAILEY, | ) 2. Failure to Provide Meal Periods |
| AMELIE BERNARD, | ) in violation of California Labor Code §§ |
| JONATHAN BLAIR, | ) 226.7 and 512 and California Code of |
| ROSA CHILE, | ) Regulations, Title 18, § 11070 |
| ANITA COEN, | ) 3. Failure to Provide Rest Periods in |
| CAMERON COLE, | ) violation of California Labor Code § 226.7 |
| ALEJANDRINA CORTEZ, | ) and California Code of Regulations, Title 18 |
| JOE CRUZ, | ) § 11070 |
| MARIA CRISTINA CUASON, | ) 4. Failure to pay wages due upon |
| ALBA DE LACOSTA, | ) termination in violation of California Labor |
| JERILYN DORTCH, | ) Code § 203 |
| DAVID DUPRE, | ) 5. Failure to provide itemized wage |
| VICENTE ENRIQUEZ, | ) statements in violation of California Labor |

1

COMPLAINT

Demo of StampPDF by Appligent, Inc. http://www.appligent.com

| | |
|---|---|
| 1  MA VICTORIA ESPIRITU, | ) Code § 226 |
| 2  BRIAN FOX, | ) 6. Unfair Competition in violation of |
|    REID FRANCE, | ) California Business and Professions Code |
| 3  VANESSA FRANCO, | ) § 17200 et. seq. |
|    NICHOLE FRIEND, | ) |
| 4  FAYE GAGER, | ) |
|    JESUSA GALANG, | ) |
| 5  ERNIEBOY  GARCIA, | ) |
| 6  FREDERICK GUINTU, | ) |
|    JOSEPH GUTIERREZ, | ) |
| 7  JEREMY HAYWOOD, | ) |
|    AMY HENRICH, | ) |
| 8  JOHN HOLT, | ) |
|    GINI HURMIZ, | ) |
| 9  DORIS HURTADO, | ) |
| 10 TERESITA IBE, | ) |
|    REMEDIOS JIMENEZ, | ) |
| 11 DANIELLE KEESLING, | ) |
|    EIDO LAHIJI, | ) |
| 12 RICHARD A. LAMB, | ) |
|    WALTER LANEY, | ) |
| 13 ERIK LAVIN, | ) |
| 14 THERESA LEOS, | ) |
|    STACY LINDQUIST, | ) |
| 15 DIANE LOPEZ, | ) |
|    CHARLES LOWE, | ) |
| 16 JESICA LUCIO, | ) |
| 17 JEFF MACILRAITH, | ) |
|    LEJANI MACILRAITH, | ) |
| 18 BRANDON MACNEIL, | ) |
|    HELEN MAMERTO, | ) |
| 19 LIGAYA MANALO, | ) |
| 20 NECIA MILLER, | ) |
|    FRANS MOERBEEK, | ) |
| 21 BREANNE MURPHY, | ) |
|    ROSEMARIE NAVARRO, | ) |
| 22 RAYMOND NEWHAM, | ) |
|    LUZVIMINDA OGO, | ) |
| 23 DELIA PARAGAS, | ) |
| 24 ZHENYAN PASCUAL, | ) |
|    JORDAN PHILIP, | ) |
| 25 SHALVEEN PRASAD, | ) |
|    ROBERT PRESSEY, | ) |
| 26 DANIEL RICE, | ) |
|    MELISSA RICHARDS, | ) |
| 27 COLE ROSEN, | ) |
| 28 | |

2

COMPLAINT

```
 1   HENRY RUMPH,                         )
     ASGHAR SADRIEH,                      )
 2   ADISA SALKIO,                        )
 3   CHRISTI SCHENK,                      )
     SHOSHANA SERNA,                      )
 4   ADRIAN SERRATO,                      )
     DANIEL SOLI,                         )
 5   NATHANIEL SPITZE,                    )
 6   MARTHA SPORCK,                       )
     TREVOR STARK,                        )
 7   KANDICE STEELE,                      )
     TIFFANY STOKES,                      )
 8   SHANE VROMAN,                        )
     SHO-WENG WANG,                       )
 9   MELISSA WIGGINTON,                   )
10   JULIANNE WILLIAMS,                   )
     JOSHUA WOLF,                         )
11   ANGELITA YANESA,                     )
     TREVOR ZINNER,                       )
12                                        )
                 Plaintiffs,             )
13                                        )
14                   v.                   )
                                          )
15   GENERAL NUTRITION                    )
     CENTERS INC. and Does 1 through      )
16   100 inclusive,                       )
                                          )
17                                        )
18              Defendants.               )
```

Plaintiffs allege as follows:

## PARTIES

1. Plaintiffs ROBINO ABAD, FRANCES ABRAMS, ASHLEY  ABRAMSON,  LESTER

   ACEVEDO, JORGE ALMANZAR, MARIA ALVAREZ, GOLNAZ AMIRNASRI, ISAAC

   BAILEY, AMELIE BERNARD, JONATHAN BLAIR, ROSA CHILE, ANITA COEN,

   CAMERON COLE, ALEJANDRINA CORTEZ, JOE  CRUZ,  MARIA  CRISTINA

   CUASON, ALBA DE LACOSTA, JERILYN DORTCH, DAVID DUPRE, VICENTE

   ENRIQUEZ, MA VICTORIA ESPIRITU, BRIAN FOX, REID FRANCE, VANESSA

FRANCO, NICHOLE FRIEND, FAYE GAGER, JESUSA GALANG, ERNIEBOY GARCIA, FREDERICK GUINTU, JOSEPH GUTIERREZ, JEREMY HAYWOOD, AMY HENRICH, JOHN HOLT, GINI HURMIZ, DORIS HURTADO, TERESITA IBE, REMEDIOS JIMENEZ, DANIELLE KEESLING, EIDO LAHIJI, RICHARD A. LAMB, WALTER LANEY, ERIK LAVIN, THERESA LEOS, STACY LINDQUIST, DIANE LOPEZ, CHARLES LOWE, JESICA LUCIO, JEFF MACILRAITH, LEJANI MACILRAITH, BRANDON MACNEIL, HELEN MAMERTO, LIGAYA MANALO, NECIA MILLER, FRANS MOERBEEK, BREANNE MURPHY, ROSEMARIE NAVARRO, RAYMOND NEWHAM, LUZVIMINDA OGO, DELIA PARAGAS, ZHENYAN PASCUAL, JORDAN PHILIP, SHALVEEN PRASAD, ROBERT PRESSEY, DANIEL RICE, MELISSA RICHARDS, COLE ROSEN, HENRY RUMPH, ASGHAR SADRIEH, ADISA SALKIO, CHRISTI SCHENK, SHOSHANA SERNA, ADRIAN SERRATO, DANIEL SOLI, NATHANIEL SPITZE, MARTHA SPORCK, TREVOR STARK, KANDICE STEELE, TIFFANY STOKES, SHANE VROMAN, SHO-WENG WANG, MELISSA WIGGINTON, JULIANNE WILLIAMS, JOSHUA WOLF, ANGELITA YANESA and TREVOR ZINNER, individuals and current or former employees of General Nutrition Centers Inc. in the State of California, bring this action on behalf of themselves.

2. Plaintiffs are informed and believe, and thereupon allege, that defendant GENERAL NUTRITION CENTERS INC. (GNC) is now, and at all times mentioned in this Complaint was, a corporation based in the State of Pennsylvania, and doing business in the County of Orange, State of California, and throughout the State of California and United States.

3. Plaintiffs do not know the true names or capacities of the defendants sued herein as DOES 1

through 100 inclusive and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant" or "defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

4. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining defendants and was the agent and employee of each of the remaining defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES IN VIOLATION OF CALIFORNIA LABOR CODE BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)

5. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 4, inclusive.

6. During the relevant period, defendants were the employers of plaintiffs.

7. California Labor Code § 1194 provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including

1    interest thereon, reasonable attorney's fees, and costs of suit.

2    8.  This action may be maintained directly against the employer in its name without first filing a

3        claim with the Department of Labor Standards and Enforcement.

4    9.  During the relevant period, IWC Wage Order No. 7 applied, and applies, to plaintiffs'

5        employment with defendants.

6

7    10. During the relevant period, Labor Code § 510 provided: "Any work in excess of eight hours

8        in one workday and any work in excess of 40 hours in any one workweek and the first eight

9        hours worked on the seventh day of work in any one workweek shall be compensated at the

10       rate of no less than one and one-half times the regular rate of pay for an employee.  Any

11       work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

12       the regular rate of pay for an employee.  In addition, any work in excess of eight hours on

13       any seventh day of a workweek shall be compensated at the rate of no less than twice the

14

15       regular rate of pay of an employee."

16   11. During the relevant period, plaintiffs worked "overtime" within the meaning of Labor Code §

17       510 but defendant intentionally and improperly failed to pay the required overtime

18       compensation.

19

20   12. By virtue of the defendants' unlawful failure to pay compensation to the plaintiffs for all

21       hours worked, plaintiffs suffered and will continue to suffer damages in an amount to be

22       determined according to proof.

23   13. Plaintiffs are informed and believe, and thereupon allege, that defendant knew or should have

24       known that plaintiffs were not being paid for all hours worked, and acted intentionally,

25       oppressively, and maliciously toward plaintiff and the class members and with a conscious

26       disregard of their rights, or the consequences to them, with the intent of depriving them of

27

28

property and legal rights and otherwise causing them injury.

14. Plaintiffs request recovery of overtime compensation and unpaid wages according to proof, interest, attorney's fees and costs pursuant to Labor Code § 1194 (a), as well as statutory penalties as provided by the Labor Code and/or other statutes.

## SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)

15. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 14, inclusive.

16. Labor Code §§ 226.7 and 512 and Code of Regulations, Title 8, § 11070 (11) (A) provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

17. Labor Code § 226.7 and Code of Regulation, Title 8, §11070 (11) (D), provide that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

18. During the relevant period, plaintiffs worked more than five hours in a workday and were, thus, entitled to receive meal periods on these occasions.

19. During the relevant period, defendant failed to provide meal periods as required by law to plaintiffs on these occasions.

20. By virtue of defendants' unlawful failure to provide meal periods to the plaintiff and class members, they have suffered, and will continue to suffer, damages in amounts according to proof.

7

COMPLAINT

21. Further, defendant's failure to provide meal periods violated and continues to violate Penal Code §§ 484 and 532 (obtaining labor through false pretenses).

22. Defendants acted intentionally, oppressively and maliciously toward the plaintiffs with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

23. Plaintiffs request recovery of meal period compensation pursuant to Labor Code § 226.7 and Code of Regulation, Title 8, § 11070 (11) (D), as well as the assessment of any statutory penalties in a sum as provided by the Labor Code and/or other statutes. Further, plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant Labor Code §§ 218.5 and 1194.

**THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

24. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 23, inclusive.

25. Labor Code § 226.7 and Code of Regulations, Title 8, § 11070 (12) (A) provide that every employer "shall authorize and permit all employees to take rest periods. . . .based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

26. Labor Code § 226.7 and Code of Regulations, Title 8, § 11070 (12) (B) provide that if an employer fails to provide an employee a rest period in accordance with this section, the employer "shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

27. During the relevant period, plaintiffs worked four hours or more in a workday and were, thus,

8

COMPLAINT

entitled to receive rest periods on these occasions.

28. During the relevant period, defendant failed to provide rest periods as required by law to plaintiffs on these occasions.

29. By virtue of defendant's unlawful failure to provide rest periods to plaintiffs, they have suffered, and will continue to suffer, damages in amounts according to proof.

30. Further, defendant's failure to provide rest periods violated and continues to violate Penal Code §§ 484 and 532 (obtaining labor through false pretenses).

31. Defendant acted intentionally, oppressively and maliciously toward the plaintiffs with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

32. Plaintiffs request recovery of rest period compensation pursuant to Labor Code § 226.7 and Code of Regulation, Title 8, § 11070 (12) (B), as well as the assessment of any statutory penalties in a sum as provided by the Labor Code and/or other statutes. Further, plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant Labor Code §§ 218.5 and 1194.

**FOURTH CAUSE OF ACTION FOR FAILURE TO PAY WAGES DUE UPON**

**TERMINATION IN VIOLATION OF CALIFORNIA LABOR § 203 BY ALL**

**PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

33. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 32, inclusive.

34. Some of the plaintiffs quit or were discharged from employment with defendant during the relevant time frame and were consequently entitled to receive their final paycheck immediately upon termination if they were terminated or quit after providing defendant with

9

COMPLAINT

1  72 hours notice or were entitled to receive their final paycheck within 72 hours if they quit

2  without providing 72 hours notice.

3  35. Defendant also failed to pay some of the plaintiffs who were discharged their final paycheck

4     at the place they were discharged and failed to pay some of the plaintiffs who quit at the

5     office of the employer in the county where the employee had been performing labor as

6     required by California Labor Code § 208.

7

8  36. During the relevant time frame, defendant failed to pay plaintiffs without abatement all

9     wages as defined by applicable California law.  Among other things, these employees were

10    not paid any of the overtime compensation referred to in this Complaint, nor were they paid

11    the other unpaid wages (including meal and rest period compensation) referred to in this

12    Complaint.  Defendant's failure to pay said wages within the required time was willful within

13    the meaning of Labor Code §203.

14

15 37. Therefore, each of these plaintiffs is entitled to one day's wages for each day he or she was

16    not timely paid all said wages due, up to a maximum of 30 days of wages for each employee.

17    Because none of the former employees were paid in their final paycheck all of the overtime,

18    meal or rest period compensation, and other wages to which they were entitled, each of the

19    plaintiffs is entitled to 30 days of wages.

20

21    **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ITEMIZED WAGE**

22    **STATEMENT IN VIOLATION OF CALIFORNIA LABOR CODE § 226 BY ALL**

23    **PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

24 38. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through

25    37, inclusive.

26

27 39. During the relevant time frame, defendant knowingly and intentionally failed to furnish to

28

---

10

COMPLAINT

22

plaintiffs, upon each payment of wages, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

40. The plaintiffs were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, or for missed meal and rest periods, even though they were so entitled and because the failures hindered them from determining the amounts of overtime wages or meal and rest period compensation owed to them.

41. Plaintiffs are entitled to recover the amounts specified in Labor Code § 226 (e) plus attorney's fees and costs.

## SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION BY ALL PLAINTIFFS

## AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)

42. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 41, inclusive.

43. During the relevant period, defendant engaged in unfair competition as that term is defined in Business and Professions Code section 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

44. The conduct of defendant as set forth above with respect to plaintiffs was an "unlawful" business act or practice within the meaning of section 17200 because defendant violated the Labor Code and Code of Regulations specified in the other causes of action.

45. In engaging in conduct that constitutes unfair competition, each defendant has acquired

11

COMPLAINT

money or property from plaintiffs.   Specifically, defendant acquired money earned by plaintiffs but not paid to them.

46. Pursuant to Business and Professions Code §§ 17203 and 17204, plaintiffs are empowered to seek a court order compelling defendant to make restitution of any money or property that defendant acquired as a result of any act which constitutes unfair competition.   Specifically, defendant should restore to each plaintiffs all monies earned for wages, overtime and rest and meal period compensation.

47. It is impossible for plaintiffs to determine the exact amount of money due to the plaintiffs without a detailed review of defendants' financial books and records.   Accordingly, plaintiffs seek, among other things, an accounting and/or the appointment of a receiver.

48. Plaintiffs meet the standing requirements under Proposition 64 in that plaintiffs suffered injury in fact and lost money or property as a result of defendant's unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment on all causes of action against defendant as follows:

1. For compensatory and statutory damages on behalf of plaintiffs on the first, second, third, fourth and fifth causes of action;

2. For restitution of wages on behalf of plaintiffs on the sixth cause of action;

3. For interest on the sum of compensatory and statutory damages and restitution on the first, second, third, fourth, fifth and sixth causes of action;

4. For reasonable attorney's fees pursuant to Labor Code §§ 203, 218.5, 226 (e), and 1194, pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

5. For costs of suit incurred herein; and

12

COMPLAINT

1   6.  For such other and further relief as the court may deem proper.

2   **DEMAND FOR JURY TRIAL**

3        Plaintiffs hereby request trial by jury.

4   DATED: November 4, 2008

5

6                              Respectfully submitted,

7                              By        _____/s/_____

8                              JEFFREY WILENS
                               Attorney for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2-5

# EXHIBIT B
## First Amended Complaint

| | |
|---|---|
| 1 | **LAKESHORE LAW CENTER** |
| 2 | **Jeffrey Wilens, Esq. (State Bar No. 120371)** |
| 3 | **17476 Yorba Linda Blvd., Suite 221** |
|   | **Yorba Linda, CA 92886** |
| 4 | **714-854-7205** |
| 5 | **714-854-7206 (fax)** |
|   | **jeff@lakeshorelaw.org** |

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Dec 26, 2008**

ALAN CARLSON, Clerk of the Court
by J. HAINES

6

7  **LAW OFFICE OF JEFFREY P. SPENCER**
   **Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
8  **1211 Puerto Del Sol, Suite 150**
   **San Clemente, CA 92673**
9  **949-240-8595**
10 **949-240-8515 (fax)**
   **jps@spencerlaw.net**
11

12 **Attorneys for Plaintiff**

13 **ORANGE COUNTY SUPERIOR COURT, CIVIL COMPLEX CENTER**

14                          **STATE OF CALIFORNIA**

15          **751 West Santa Ana Blvd., Santa Ana, CA 92701**

16

| | |
|---|---|
| ROBINO ABAD, | ) Case No. 30-2008-00219595 |
| FRANCES ABRAMS, | ) Assigned for all Purposes to: |
| ASHLEY ABRAMSON, | ) Honorable Thierry P. Colaw |
| LESTER ACEVEDO, | ) Department CX104 |
| JORGE ALMANZAR, | ) Complaint Filed: November 4, 2008 |
| MARIA ALVAREZ, | ) Trial Date: |
| GOLNAZ AMIRNASRI, | ) Hearing Date: |
| ISAAC BAILEY, | ) |
| AMELIE BERNARD, | ) **FIRST AMENDED COMPLAINT** |
| JONATHAN BLAIR, | ) 1. Failure to Pay Wages in violation of |
| ROSA CHILE, | ) Labor Code §§ 1194, 1198, 510 |
| ANITA COEN, | ) 2. Failure to Provide Meal Periods |
| CAMERON COLE, | ) in violation of California Labor Code §§ |
| ALEJANDRINA CORTEZ, | ) 226.7 and 512 and California Code of |
| JOE CRUZ, | ) Regulations, Title 18, § 11070 |
| MARIA CRISTINA CUASON, | ) 3. Failure to Provide Rest Periods in |
| ALBA DE LACOSTA, | ) violation of California Labor Code § 226.7 |
| JERILYN DORTCH, | ) and California Code of Regulations, Title 18 |
| DAVID DUPRE, | ) § 11070 |
| VICENTE ENRIQUEZ, | ) 4. Failure to pay wages due upon |

17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | MA VICTORIA ESPIRITU,<br>BRIAN FOX, | ) termination in violation of California Labor<br>) Code § 203 |
| 2 | REID FRANCE, | ) 5. Failure to provide itemized wage |
| 3 | VANESSA FRANCO,<br>NICHOLE FRIEND, | ) statements in violation of California Labor<br>) Code § 226 |
| 4 | FAYE GAGER,<br>JESUSA GALANG, | ) 6. Unfair Competition in violation of<br>) California Business and Professions Code |
| 5 | ABELARDO GARCIA,<br>ERNIEBOY GARCIA, | ) § 17200 et. seq.<br>) 7. Violation of the Labor Code Private Attorney |
| 6 | FREDERICK GUINTU, | ) General Act (PAGA), Labor Code § 2698 et. seq. |
| 7 | JOSEPH GUTIERREZ,<br>JEREMY HAYWOOD, | )<br>) |
| 8 | AMY HENRICH, | ) |
| 9 | JOHN HOLT,<br>GINI HURMIZ, | )<br>) |
| 10 | DORIS HURTADO,<br>TERESITA IBE, | )<br>) |
| 11 | REMEDIOS JIMENEZ,<br>DANIELLE KEESLING, | )<br>) |
| 12 | EIDO LAHIJI, | ) |
| 13 | RICHARD A. LAMB,<br>WALTER LANEY, | )<br>) |
| 14 | ERIK LAVIN,<br>THERESA LEOS, | )<br>) |
| 15 | STACY LINDQUIST, | ) |
| 16 | DIANE LOPEZ,<br>JOSHUA LOPEZ, | )<br>) |
| 17 | CHARLES LOWE,<br>JESICA LUCIO, | )<br>) |
| 18 | JEFF MACILRAITH,<br>LEJANI MACILRAITH, | )<br>) |
| 19 | BRANDON MACNEIL, | ) |
| 20 | HELEN MAMERTO,<br>LIGAYA MANALO, | )<br>) |
| 21 | NECIA MILLER,<br>FRANS MOERBEEK, | )<br>) |
| 22 | BREANNE MURPHY, | ) |
| 23 | DANIEL MULLIGAN,<br>ROSEMARIE NAVARRO, | )<br>) |
| 24 | RAYMOND NEWHAM,<br>SANDI OGLESBY, | )<br>) |
| 25 | LUZVIMINDA OGO,<br>DELIA PARAGAS, | )<br>) |
| 26 | ZHENYAN PASCUAL, | ) |
| 27 | JORDAN PHILIP,<br>SHALVEEN PRASAD, | )<br>) |
| 28 | | |

2

FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | ROBERT PRESSEY,    ) |
| | DANIEL RICE,    ) |
| 2 | MELISSA RICHARDS,    ) |
| | COLE ROSEN,    ) |
| 3 | HENRY RUMPH,    ) |
| 4 | ASGHAR SADRIEH,    ) |
| | ADISA SALKIO,    ) |
| 5 | CHRISTI SCHENK,    ) |
| | SHOSHANA SERNA,    ) |
| 6 | ADRIAN SERRATO,    ) |
| 7 | DANIEL SOLI,    ) |
| | NATHANIEL SPITZE,    ) |
| 8 | MARTHA SPORCK,    ) |
| | TREVOR STARK,    ) |
| 9 | KANDICE STEELE,    ) |
| 10 | TIFFANY STOKES,    ) |
| | SHANE VROMAN,    ) |
| 11 | SHO-WENG WANG,    ) |
| | MELISSA WIGGINTON,    ) |
| 12 | JULIANNE WILLIAMS,    ) |
| 13 | JOSHUA WOLF,    ) |
| | BRANDI WOOLDRIDGE,    ) |
| 14 | ANGELITA YANESA,    ) |
| | TREVOR ZINNER,    ) |
| 15 |     ) |
| | Plaintiffs,    ) |
| 16 |     ) |
| 17 | v.    ) |
| |     ) |
| 18 | GENERAL NUTRITION    ) |
| | CENTERS INC. and Does 1 through    ) |
| 19 | 100 inclusive,    ) |
| 20 |     ) |
| |     ) |
| 21 | Defendants.    ) |

Plaintiffs allege as follows:

## **PARTIES**

1.  Plaintiffs ROBINO ABAD, FRANCES ABRAMS, ASHLEY  ABRAMSON,  LESTER

ACEVEDO, JORGE ALMANZAR, MARIA ALVAREZ, GOLNAZ AMIRNASRI, ISAAC

BAILEY, AMELIE BERNARD, JONATHAN BLAIR, ROSA CHILE, ANITA COEN,

CAMERON COLE, ALEJANDRINA CORTEZ, JOE CRUZ, MARIA CRISTINA

3

CUASON, ALBA DE LACOSTA, JERILYN DORTCH, DAVID DUPRE, VICENTE ENRIQUEZ, MA VICTORIA ESPIRITU, BRIAN FOX, REID FRANCE, VANESSA FRANCO, NICHOLE FRIEND, FAYE GAGER, JESUSA GALANG, ABELARDO GARCIA, ERNIEBOY GARCIA, FREDERICK GUINTU,  JOSEPH GUTIERREZ, JEREMY HAYWOOD, AMY HENRICH, JOHN HOLT, GINI HURMIZ, DORIS HURTADO, TERESITA IBE, REMEDIOS JIMENEZ, DANIELLE KEESLING, EIDO LAHIJI, RICHARD A. LAMB, WALTER LANEY, ERIK LAVIN, THERESA LEOS, STACY LINDQUIST, DIANE LOPEZ, JOSHUA LOPEZ, CHARLES LOWE, JESICA LUCIO, JEFF MACILRAITH, LEJANI MACILRAITH, BRANDON MACNEIL, HELEN MAMERTO, LIGAYA MANALO, NECIA MILLER, FRANS MOERBEEK, DANIEL MULLIGAN, BREANNE MURPHY, ROSEMARIE NAVARRO, RAYMOND NEWHAM, SANDI OGLESBY, LUZVIMINDA OGO, DELIA PARAGAS, ZHENYAN PASCUAL, JORDAN PHILIP, SHALVEEN PRASAD, ROBERT PRESSEY, DANIEL RICE, MELISSA RICHARDS, COLE ROSEN, HENRY RUMPH, ASGHAR SADRIEH, ADISA SALKIO, CHRISTI SCHENK, SHOSHANA SERNA, ADRIAN SERRATO, DANIEL SOLI, NATHANIEL SPITZE, MARTHA SPORCK, TREVOR STARK, KANDICE STEELE, TIFFANY STOKES, SHANE VROMAN, SHO-WENG WANG, MELISSA WIGGINTON, JULIANNE WILLIAMS, JOSHUA WOLF, BRANDI WOOLDRIDGE, ANGELITA YANESA and TREVOR ZINNER, individuals and current or former employees of General Nutrition Centers Inc. in the State of California, bring this action on behalf of themselves.

2. Plaintiffs are informed and believe, and thereupon allege, that defendant GENERAL NUTRITION CENTERS INC. (GNC) is now, and at all times mentioned in this Complaint

1    was, a corporation based in the State of Pennsylvania, and doing business in the County of

2    Orange, State of California, and throughout the State of California and United States.

3.   Plaintiffs do not know the true names or capacities of the defendants sued herein as DOES 1

through 100 inclusive and therefore sue these defendants by such fictitious names. Plaintiffs

will amend this complaint to allege their true names and capacities when ascertained.

Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named

defendants is responsible in some manner for the occurrences herein alleged, and that

plaintiffs' damages as herein alleged were proximately caused by those defendants. Each

reference in this complaint to "defendant" or "defendants" or to a specifically named

defendant refers also to all defendants sued under fictitious names.

4.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned

each of the defendants, including all defendants sued under fictitious names, and each of the

persons who are not parties to this action but are identified by name or otherwise throughout

this complaint, was the alter ego of each of the remaining defendants and was the agent and

employee of each of the remaining defendants and in doing the things herein alleged was

acting within the course and scope of this agency and employment.

**FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES IN VIOLATION OF**

**CALIFORNIA LABOR CODE BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

**(BROUGHT AS INDIVIDUAL ACTION)**

5.   Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through

4, inclusive.

6.   During the relevant period, defendants were the employers of plaintiffs.

7.   California Labor Code § 1194 provides that notwithstanding any agreement to work for a

30

lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

8. This action may be maintained directly against the employer in its name without first filing a claim with the Department of Labor Standards and Enforcement.

9. During the relevant period, IWC Wage Order No. 7 applied, and applies, to plaintiffs' employment with defendants.

10. During the relevant period, Labor Code § 510 provided: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

11. During the relevant period, plaintiffs worked "overtime" within the meaning of Labor Code § 510 but defendant intentionally and improperly failed to pay the required overtime compensation.

12. By virtue of the defendants' unlawful failure to pay compensation to the plaintiffs for all hours worked, plaintiffs suffered and will continue to suffer damages in an amount to be determined according to proof.

13. Plaintiffs are informed and believe, and thereupon allege, that defendant knew or should have

known that plaintiffs were not being paid for all hours worked, and acted intentionally, oppressively, and maliciously toward plaintiff and the class members and with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

14. Plaintiffs request recovery of overtime compensation and unpaid wages according to proof, interest, attorney's fees and costs pursuant to Labor Code § 1194 (a), as well as statutory penalties as provided by the Labor Code and/or other statutes.

**SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

15. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 14, inclusive.

16. Labor Code §§ 226.7 and 512 and Code of Regulations, Title 8, § 11070 (11) (A) provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

17. Labor Code § 226.7 and Code of Regulation, Title 8, §11070 (11) (D), provide that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

18. During the relevant period, plaintiffs worked more than five hours in a workday and were, thus, entitled to receive meal periods on these occasions.

19. During the relevant period, defendant failed to provide meal periods as required by law to plaintiffs on these occasions.

20. By virtue of defendants' unlawful failure to provide meal periods to the plaintiff and class members, they have suffered, and will continue to suffer, damages in amounts according to proof.

21. Further, defendant's failure to provide meal periods violated and continues to violate Penal Code §§ 484 and 532 (obtaining labor through false pretenses).

22. Defendants acted intentionally, oppressively and maliciously toward the plaintiffs with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

23. Plaintiffs request recovery of meal period compensation pursuant to Labor Code § 226.7 and Code of Regulation, Title 8, § 11070 (11) (D), as well as the assessment of any statutory penalties in a sum as provided by the Labor Code and/or other statutes. Further, plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant Labor Code §§ 218.5 and 1194.

**THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

24. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 23, inclusive.

25. Labor Code § 226.7 and Code of Regulations, Title 8, § 11070 (12) (A) provide that every employer "shall authorize and permit all employees to take rest periods. . . .based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

26. Labor Code § 226.7 and Code of Regulations, Title 8, § 11070 (12) (B) provide that if an employer fails to provide an employee a rest period in accordance with this section, the

1    employer "shall pay the employee one (1) hour of pay at the employee's regular rate of

2    compensation for each workday that the rest period is not provided."

3
4 27. During the relevant period, plaintiffs worked four hours or more in a workday and were, thus,

5    entitled to receive rest periods on these occasions.

6 28. During the relevant period, defendant failed to provide rest periods as required by law to

7    plaintiffs on these occasions.

8 29. By virtue of defendant's unlawful failure to provide rest periods to plaintiffs, they have

9    suffered, and will continue to suffer, damages in amounts according to proof.

10 30. Further, defendant's failure to provide rest periods violated and continues to violate Penal

11    Code §§ 484 and 532 (obtaining labor through false pretenses).

12
13 31. Defendant acted intentionally, oppressively and maliciously toward the plaintiffs with a

14    conscious disregard of their rights, or the consequences to them, with the intent of depriving

15    them of property and legal rights and otherwise causing them injury.

16 32. Plaintiffs request recovery of rest period compensation pursuant to Labor Code § 226.7 and

17    Code of Regulation, Title 8, § 11070 (12) (B), as well as the assessment of any statutory

18
19    penalties in a sum as provided by the Labor Code and/or other statutes. Further, plaintiffs are

20    entitled to recover reasonable attorney's fees and costs pursuant Labor Code §§ 218.5 and

21    1194.

22    **FOURTH CAUSE OF ACTION FOR FAILURE TO PAY WAGES DUE UPON**

23    **TERMINATION IN VIOLATION OF CALIFORNIA LABOR § 203 BY ALL**

24    **PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

25
26 33. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through

27    32, inclusive.

28

9

FIRST AMENDED COMPLAINT

34. Some of the plaintiffs quit or were discharged from employment with defendant during the relevant time frame and were consequently entitled to receive their final paycheck immediately upon termination if they were terminated or quit after providing defendant with 72 hours notice or were entitled to receive their final paycheck within 72 hours if they quit without providing 72 hours notice.

35. Defendant also failed to pay some of the plaintiffs who were discharged their final paycheck at the place they were discharged and failed to pay some of the plaintiffs who quit at the office of the employer in the county where the employee had been performing labor as required by California Labor Code § 208.

36. During the relevant time frame, defendant failed to pay plaintiffs without abatement all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages (including meal and rest period compensation) referred to in this Complaint. Defendant's failure to pay said wages within the required time was willful within the meaning of Labor Code §203.

37. Therefore, each of these plaintiffs is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days of wages for each employee. Because none of the former employees were paid in their final paycheck all of the overtime, meal or rest period compensation, and other wages to which they were entitled, each of the plaintiffs is entitled to 30 days of wages.

**FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENT IN VIOLATION OF CALIFORNIA LABOR CODE § 226 BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

38. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 37, inclusive.

39. During the relevant time frame, defendant knowingly and intentionally failed to furnish to plaintiffs, upon each payment of wages, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

40. The plaintiffs were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, or for missed meal and rest periods, even though they were so entitled and because the failures hindered them from determining the amounts of overtime wages or meal and rest period compensation owed to them.

41. Plaintiffs are entitled to recover the amounts specified in Labor Code § 226 (e) plus attorney's fees and costs.

**SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION)**

42. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 41, inclusive.

43. During the relevant period, defendant engaged in unfair competition as that term is defined in Business and Professions Code section 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

44. The conduct of defendant as set forth above with respect to plaintiffs was an "unlawful"

business act or practice within the meaning of section 17200 because defendant violated the Labor Code and Code of Regulations specified in the other causes of action.

45. In engaging in conduct that constitutes unfair competition, each defendant has acquired money or property from plaintiffs. Specifically, defendant acquired money earned by plaintiffs but not paid to them.

46. Pursuant to Business and Professions Code §§ 17203 and 17204, plaintiffs are empowered to seek a court order compelling defendant to make restitution of any money or property that defendant acquired as a result of any act which constitutes unfair competition. Specifically, defendant should restore to each plaintiffs all monies earned for wages, overtime and rest and meal period compensation.

47. It is impossible for plaintiffs to determine the exact amount of money due to the plaintiffs without a detailed review of defendants' financial books and records. Accordingly, plaintiffs seek, among other things, an accounting and/or the appointment of a receiver.

48. Plaintiffs meet the standing requirements under Proposition 64 in that plaintiffs suffered injury in fact and lost money or property as a result of defendant's unfair competition.

**SEVENTH CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT BY PLAINTIFF PATRICIA BENSTEAD AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL AND PRIVATE ATTORNEY GENERAL ACTION)**

49. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 48, inclusive.

50. California Labor Code §§ 2698-2699 et.seq., The Labor Code Private Attorney General Act of 2004, expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce

1   Development Agency, or any of its departments, divisions, commissions, boards agencies or

2   employees for a violation of the Cal. Labor Code, may be recovered through a civil action

3   brought by an aggrieved employee on behalf of himself or herself, and collectively on behalf

4   of all other current or former employees.

5   51. Plaintiffs are "aggrieved employees" within the meaning of Labor Code § 2699 in that they

6   are current or former employees of defendant and one or more of the alleged violations was

7   committed against them during the relevant time frame, including but not limited to

8   violations related to failure to pay overtime, failure to provide meal and rest periods, failure

9   to pay wages upon termination and failure to provide itemized wage statements.

10   52. Other employees of defendant are also aggrieved employees for purposes of PAGA because

11   they suffered one or more Labor Code violations during the relevant time frame including but

12   not limited to violations related to failure to pay overtime, failure to provide meal and rest

13   periods, failure to pay wages upon termination and failure to provide itemized wage

14   statements.

15   53. Plaintiffs gave written notice by certified mail on October 31, 2008, to the Labor and

16   Workforce Development Agency and the defendant of the specific provisions of this the

17   Labor Code alleged to have been violated, including the facts and theories to support the

18   alleged violation as required by Labor Code § 2699.3.

19   54. By December 9, 2008, the Labor and Workforce Development Agency had failed to respond

20   to the notice and, therefore by operation of law indicated it did not intend to investigate the

21   alleged violations.

22   55. There is a one year statute of limitations on recovery of civil penalties under PAGA and the

23   time between the notification to the LWDA and notification by the LWDA of its decision

24   does not count, so the civil penalties can be recovered for Labor Code violations committed

25   against aggrieved employees between October 31, 2008 and the date of trial.

26   56. Plaintiffs bring this cause of action in their individual capacity and on behalf of all aggrieved

27   employees in their capacity as private attorneys general and seek all civil penalties available

28

13

1   under the Labor Code.

2   57. Pursuant to Labor Code § 2699, plaintiffs and the aggrieved employees are entitled to

3       recover from defendant civil penalties for each violation during each pay period of a Labor

4       Code requirement.

5   58. The amount of the civil penalties recoverable under Labor Code § 2699 for failure to pay

6       earned wages (including meal and rest period compensation) or overtime compensation on a

7       semimonthly basis shall be $100 for each aggrieved employee per pay period for the initial

8       violation and $200 for each aggrieved employee per pay period for each subsequent

9       violation, plus an additional 25 percent of the wages wrongfully withheld pursuant to Labor

10      Code § 210, in addition to any damages or penalties recoverable by other provisions of the

11      Labor Code.

12  59. The amount of the civil penalties recoverable under Labor Code § 2699 for failure to pay

13      wages upon discharge or resignation shall be $100 for each aggrieved employee per pay

14      period for the initial violation and $200 for each aggrieved employee per pay period for each

15      subsequent violation, in addition to any damages or penalties recoverable by other provisions

16      of the Labor Code.

17  60. The amount of the civil penalties recoverable under Labor Code § 2699 for failure to provide

18      each employee an accurate written itemized statement of wages and hours each pay period

19      are specified in Labor Code § 226.3 which overrides the default civil penalty specified in

20      Labor Code § 2699 and shall be $250 for each aggrieved employee per pay period for the

21      initial citation of the violation and $1,000 for each aggrieved employee per pay period for

22      each subsequent citation of the violation, in addition to any damages or penalties recoverable

23      by other provisions of the Labor Code.

24  61. The civil penalties recovered by aggrieved employees pursuant to Labor Code § 2699 shall

25      be distributed as follows: 75 percent to the Labor and Workforce Development Agency for

26      enforcement of labor laws and education of employers and employees and 25 percent to the

27      aggrieved employees.

28

FIRST AMENDED COMPLAINT

39

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment on all causes of action against defendant as follows:

1. For compensatory and statutory damages on behalf of plaintiffs on the first, second, third, fourth and fifth causes of action;

2. For restitution of wages on behalf of plaintiffs on the sixth cause of action;

3. For civil penalties on behalf of plaintiffs and all aggrieved employees on the seventh cause of action;

4. For interest on the sum of compensatory and statutory damages and restitution on the first, second, third, fourth, fifth and sixth causes of action;

5. For reasonable attorney's fees pursuant to Labor Code §§ 203, 218.5, 226 (e), 1194, 2699 (g) (1), pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request trial by jury.

DATED: December 26, 2008

Respectfully submitted,

By _____/s/_____

JEFFREY WILENS
Attorney for Plaintiffs

# EXHIBIT C
## Notice and Acknowledgement of Receipt – Civil

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey Wilens, Esq.<br>Lakeshore Law Center<br>17476 Yorba Linda Blvd.<br>No. 221<br>Yorba Linda, CA 92886<br>TELEPHONE NO.: 714-854-7205   FAX NO. *(Optional):*   714-854-7206<br>E-MAIL ADDRESS *(Optional):* jeff@lakeshorelaw.org<br>ATTORNEY FOR *(Name):* Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

STREET ADDRESS: 751 West Santa Ana Blvd.

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Robino Abad,

DEFENDANT/RESPONDENT: General Nutrition Centers Inc.,

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>30-2008-00219595 |
|---|---|

TO *(insert name of party being served):* General Nutrition Centers Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 5, 2009

Jeffrey Wilens ▶ /S/
_____     _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [   ] A copy of the summons and of the complaint.
2. [x] Other: *(specify):* a) 12-4-08 Order setting Status Conference; b) First Amended Summons; c) First Amended Complaint; d) Civil Case Cover Sheet; e) Notice of Related Case; f) Complex Grid and Complex Rules; g) ADR Information.

*(To be completed by recipient):*
Date this form is signed:

▶

_____     _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

41

# EXHIBIT D
## December 4, 2008
## Minute Order

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER
### MINUTE ORDER

Date: 12/04/2008                    Time: 11:17:22 AM        Dept: CX104

Judicial Officer Presiding: Judge Thierry Patrick Colaw
Clerk: P.Rief/eb

Bailiff/Court Attendant: Allison Hreha

Reporter: None,

Case Init. Date: 11/05/2008

Case No: 30-2008-00219595-CU-OE-CXC  Case Title: Abad vs. General Nutrition Centers Inc

Case Category: Civil - Unlimited         Case Type: Other employment

Event Type: Chambers Work

Causal Document & Date Filed:

**Appearances:**

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 26826.4 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 & 3.400: Case is Complex.

The Status Conference is scheduled for 02/18/2009 at 10:30 AM in Department CX104.

Plaintiff shall, at least 5 days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Status Conference and Superior Court, County of Orange Local Rule 308 (Electronic Filing Program) to all parties of record or known to plaintiff, and shall attach a copy of this minute order

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

| Date: 12/04/2008 | MINUTE ORDER | Page: 1 |
|---|---|---|
| Dept: CX104 | | Calendar No.: |

42

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Abad<br><br>Plaintiff(s) | CASE NUMBER: 30-2008-00219595 |
| Vs.<br><br>General Nutrition Centers Inc.<br><br>Defendant(s) | CERTIFICATE OF SERVICE BY MAIL<br>OF Minute Order, DATED 12/04/08 |

I, ALAN CARLSON, Executive Officer and Clerk of the Superior Court, in and for the County of

Orange, State of California, hereby certify; that I am not a party to the within action or proceeding; that on

12/04/08, I served the Minute Order, dated 12/04/08, on each of the parties herein named by depositing a

true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States

Postal Service mail box at Santa Ana, California addressed as follows:

Lakeshore Law Center
Jeffrey Wilens, Esq.
17476 Yorba Linda Blvd., Suite 221
Yorba Linda, CA 92886

Law Office of Jeffrey P. Spencer
Jeffrey P. Spencer, Esq.
635 Camino De Los Mares, Suite 312
San Clemente, CA 92673

ALAN CARLSON,
Executive Officer and Clerk of the Superior Court
In and for the County of Orange

DATED: 12/04/08

By: _____

E. Blomberg, Deputy Clerk

**CERTIFICATE OF SERVICE BY MAIL**

43

# EXHIBIT E
## Summons

| SUMMONS  First Amended Complaint | SUM-100 |
| --- | --- |
| **(CITACION JUDICIAL)** | |

| | |
| --- | --- |
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>General Nutrition Centers Inc. and Does 1 through 100 inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Robino Abad,<br><br>ADDITIONAL PARTIES ATTACHMENT IS ATTACHED | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>**Dec 26 2008**<br><br>**ALAN CARLSON, Clerk of the Court**<br>**by J. HAINES** |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>751 West Santa Ana Blvd.<br><br>Santa Ana, CA 92701<br>Central Justice Center | CASE NUMBER:<br>*(Número del Caso):* 30-2008-00219595 |
| The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:<br>*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*<br>Jeffrey Wilens, Esq.<br>Lakeshore Law Center<br>17476 Yorba Linda Blvd., Suite 221<br>Yorba Linda, CA 92886 | Honorable Thierry P. Colaw<br>Department CX104<br><br>714-854-7205     714-854-7206fax |

| | | |
| --- | --- | --- |
| DATE:<br>*(Fecha)* Dec. 26, 2008 | ✚ **ALAN CARLSON** | Clerk, by     J. Haines<br>*(Secretario)*   _____ , Deputy<br>                                                      *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

| | |
| --- | --- |
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☐ on behalf of *(specify)*:<br><br> under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>          ☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br>Legal<br>Solutions<br>Plus | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

44

**SUM-200(A)**

| SHORT TITLE: Abad, et. al. v. General Nutrition Centers Inc., et. al. | CASE NUMBER: 30-2008-00219595 |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ X ] Plaintiff     [   ] Defendant     [   ] Cross-Complainant     [   ] Cross-Defendant

FRANCES ABRAMS, ASHLEY ABRAMSON, LESTER ACEVEDO, JORGE ALMANZAR, MARIA ALVAREZ, GOLNAZ AMIRNASRI, ISAAC BAILEY, AMELIE BERNARD, JONATHAN BLAIR, ROSA CHILE, ANITA COEN, CAMERON COLE, ALEJANDRINA CORTEZ, JOE CRUZ, MARIA CRISTINA CUASON, ALBA DE LACOSTA, JERILYN DORTCH, DAVID DUPRE, VICENTE ENRIQUEZ, MA VICTORIA ESPIRITU, BRIAN FOX, REID FRANCE, VANESSA FRANCO, NICHOLE FRIEND, FAYE GAGER, JESUSA GALANG, ABELARDO GARCIA, ERNIEBOY GARCIA, FREDERICK GUINTU, JOSEPH GUTIERREZ, JEREMY HAYWOOD, AMY HENRICH, JOHN HOLT, GINI HURMIZ, DORIS HURTADO, TERESITA IBE, REMEDIOS JIMENEZ, DANIELLE KEESLING, EIDO LAHIJI, RICHARD A. LAMB, WALTER LANEY, ERIK LAVIN, THERESA LEOS, STACY LINDQUIST, DIANE LOPEZ, JOSHUA LOPEZ, CHARLES LOWE, JESICA LUCIO, JEFF MACILRAITH, LEJANI MACILRAITH, BRANDON MACNEIL, HELEN MAMERTO, LIGAYA MANALO, NECIA MILLER, FRANS MOERBEEK, DANIEL MULLIGAN, BREANNE MURPHY, ROSEMARIE NAVARRO, RAYMOND NEWHAM, SANDI OGLESBY, LUZVIMINDA OGO, DELIA PARAGAS, ZHENYAN PASCUAL, JORDAN PHILIP, SHALVEEN PRASAD, ROBERT PRESSEY, DANIEL RICE, MELISSA RICHARDS, COLE ROSEN, HENRY RUMPH, ASGHAR SADRIEH, ADISA SALKIO, CHRISTI SCHENK, SHOSHANA SERNA, ADRIAN SERRATO, DANIEL SOLI, NATHANIEL SPITZE, MARTHA SPORCK, TREVOR STARK, KANDICE STEELE, TIFFANY STOKES, SHANE VROMAN, SHO-WENG WANG, MELISSA WIGGINTON, JULIANNE WILLIAMS, JOSHUA WOLF, BRANDI WOOLDRIDGE, ANGELITA YANESA and TREVOR ZINNER,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

# EXHIBIT F
## Civil Case Cover Sheet

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jeffrey Wilens, Esq.
Lakeshore Law Center
17476 Yorba Linda Blvd.
No. 221
Yorba Linda, CA 92886
TELEPHONE NO.: 714-854-7205    FAX NO.: 714-854-7206
ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Nov 04 2008**

ALAN CARLSON, Clerk of the Court
by R. Vavra

CASE NAME: Abad, et. al. v. General Nutrition Centers Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2008-00219595 |
|---|---|---|---|---|
| x Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter    Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE THIERRY PATRICK COLAW<br>DEPT.: DEPT. CX104 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [x] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*  six

5. This case [ ] is [x] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 4, 2008

Jeffrey Wilens, Esq.
_____ ▶ _____/s/_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Demo of StampPDF by Appligent, Inc. http://www.appligent.com

47

# EXHIBIT G
## Notice of Related Case

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jeffrey Wilens, Esq.
Lakeshore Law Center
17476 Yorba Linda Blvd.
No. 221
Yorba Linda, CA 92886
TELEPHONE NO.: 714-854-7205   FAX NO. *(Optional)*: 714-854-7206
E-MAIL ADDRESS *(Optional)*: jeff@lakeshorelaw.org
ATTORNEY FOR *(Name)*: Plaintiff

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Nov 04 2008**

**ALAN CARLSON, Clerk of the Court**
**by R. Vavra**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Robino Abad,

DEFENDANT/RESPONDENT: General Nutrition Centers Inc.,

CASE NUMBER:

JUDICIAL OFFICER:
JUDGE THIERRY PATRICK COLAW

| NOTICE OF RELATED CASE | DEPT.: DEPT. CX104 |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

Dec. 26, 2008

1.  a.  Title: Casarez v. General Nutrition Centers Inc.
    b.  Case number: SACV07-875 JVS (AGRx)
    c.  Court: [ ] same as above
        [x] other state or federal court *(name and address)*: U. S. District Court for California, Central District, Southern Division (Santa Ana)
    d.  Department: Dept. 10C
    e.  Case type: [ ] limited civil  [x] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify)*: federal court
    f.  Filing date: April 20, 2007
    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [x] No
    h.  Relationship of this case to the case referenced above *(check all that apply)*:
        [ ]  involves the same parties and is based on the same or similar claims.
        [x]  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ]  involves claims against, title to, possession of, or damages to the same property.
        [ ]  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [x]  pending
        [ ]  dismissed  [ ] with  [ ] without prejudice
        [ ]  disposed of by judgment

2.  a.  Title:
    b.  Case number:
    c.  Court: [ ] same as above
        [ ] other state or federal court *(name and address)*:

    d.  Department:

---

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3

Cal. Rules of Court, rule 3.300

Legal
Solutions
Plus

**Demo of StampPDF by Appligent, Inc. http://www.appligent.com**

49

CM-015

| PLAINTIFF/PETITIONER: Robino Abad, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: General Nutrition Centers Inc., | |

**2. (continued)**

  e. Case type: ⬚ limited civil ⬚ unlimited civil ⬚ probate ⬚ family law ⬚ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?" ⬚ Yes ⬚ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

    ⬚ involves the same parties and is based on the same or similar claims.

    ⬚ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ⬚ involves claims against, title to, possession of, or damages to the same property.

    ⬚ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ⬚ Additional explanation is attached in attachment 2h

  i. Status of case:

    ⬚ pending

    ⬚ dismissed ⬚ with ⬚ without prejudice

    ⬚ disposed of by judgment

**3.**  a. Title:

  b. Case number:

  c. Court: ⬚ same as above

    ⬚ other state or federal court *(name and address):*

  d. Department:

  e. Case type: ⬚ limited civil ⬚ unlimited civil ⬚ probate ⬚ family law ⬚ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?" ⬚ Yes ⬚ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

    ⬚ involves the same parties and is based on the same or similar claims.

    ⬚ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ⬚ involves claims against, title to, possession of, or damages to the same property.

    ⬚ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ⬚ Additional explanation is attached in attachment 3h

  i. Status of case:

    ⬚ pending

    ⬚ dismissed ⬚ with ⬚ without prejudice

    ⬚ disposed of by judgment

**4.** ⬚ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: November 3, 2008

Jeffrey Wilens
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____ /s/ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]      **NOTICE OF RELATED CASE**      Page 2 of 3

# EXHIBIT H
## Civil Complex Center
## Instructions

**Superior Court of California**
**County of Orange**

# CIVIL COMPLEX CENTER

**751 W. Santa Ana, Blvd. Santa Ana, CA 92701**
**PO BOX 22028 92702-2028**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|------|--------------|------------------------|-----------------|-----------------------------------------------|-----------------------------------------------------------|
| CX101 | VELASQUEZ SUPERVISING JUDGE (714) 568 4802 | Thursdays 1:30 P.M. | M - F, 1:30 P.M. | NOON, DAY BEFORE EX PARTE HEARING | 10:00 A.M., DAY OF EX PARTE HEARING |
| CX102 | ANDLER (714) 568 4822 | Thursdays, 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 AM, DAY BEFORE EX PARTE HEARING | 12:00 P.M., DAY BEFORE EX PARTE HEARING;  OPPOSITION MUST BE IN WRITING |
| CX103 | BAUER (714) 568 4812 | Mondays, 10:30 A.M. | Tu, Th 1:30 P.M. | NOON, DAY BEFORE EX PARTE HEARING | 10:00 A.M., DAY OF EX PARTE HEARING |
| CX104 | COLAW (714) 568 4818 | Fridays 10:00 A.M. | M, T, W and F, 1:30 P.M. | NOON, DAY BEFORE EX PARTE HEARING | 10:30 A.M., DAY OF EX PARTE HEARING |
| CX105 | SUNDVOLD (714) 568 4807 | Fridays, 9:00 A.M. | M - Th 1:30 P.M. | NOON, DAY BEFORE EX PARTE HEARING | 10:00 A.M., DAY OF EX PARTE HEARING |

## L&M Tentative Rulings are issued.     ### L&M Tentative Rulings issued via the Internet.

1. The fee required for each ex parte application must be paid at the Clerks Office (Room 213).
   The consideration of ex parte applications shall not interfere with or delay the trial in progress. Requirements pursuant to California Rules of Court (CRC) 3.1200-3.1207 shall apply. All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application.

   Moving party shall submit on moving papers unless the Court invites oral argument.  Moving papers must:
   - Include a declaration of Notice of Ex Parte Hearing and a proposed order.
   - State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2. Information about filing requirements or fees is available on the INTERNET home page: http://www.occourts.org or by phone at (714) 568 4700.   Orange County Superior Court Local Rules are now available online on the Court's website.

3. <u>Moving and responding parties shall be in the department at the appointed time.  No check-ins will be received after the appointed time without good cause.  There will be no second call.</u>

4. <u>Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.  Teleconference appearance is voluntary and does not require consent of the other attorneys or parties in the case.  The Court does, however,  reserve the right to reject any request.  For information about this program, call CourtCall, LLC, not the courtroom.</u>

5. <u>The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record.  All parties and counsel are expected to comply and be familiar with the Complex Litigation Guidelines and applicable Rules of Court.</u>

6. **CXC Direct Fax Filing phone number: (714) 568 5180 in accordance with CRC 2.304 and Local Rule 380**

   **PLAINTIFF SHALL SERVE A COPY OF THE COMLPEX LITIGATION GUIDELINES WITH THE SUMMONS AND COMPLAINT.**